# UNITED STATES DISTRICT COURT
## FOR THE SOUTHER DISTRICT OF TEXAS – GALVESTON DIVISION

| | |
|---|---|
| LEE ANN BELL §<br>§ Plaintiff, §<br>§<br>v. §<br>§<br>§<br>MATTHEWS HOP FOUNDATION, §<br>INTEGRANET PHYSICIAN RESOURCES, §<br>INC., ADP, INC., ADP TOTALSOURCE, IN §<br>§<br>Defendants. § | CIVIL ACTION NO. _____<br>**JURY** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lee Ann Bell complains of Matthews Hope Foundation, IntegraNet Physician Resources, Inc., ADP, Inc., & ADP Totalsource, Inc., and would respectfully show this Honorable Court as follows:

### I. Parties

1. Plaintiff Lee Ann Bell (hereinafter "Plaintiff") is a citizen of the United States and a resident of Galveston County, Texas.

2. Defendant, Matthews Hope Foundation, ("Matthews Hope") is a Texas corporation. At all times material hereto, Matthews Hope was authorized to do business in the state of Texas and actively engages in business in Texas.

3. Defendant may be served with process and a copy of Plaintiff's Original Complaint through its agent for service of process: Lawrence J. Wedekind., 2900 North Loop West, St. 700, Houston, Texas 77092-9968, or wherever it may be found.

4.       Defendant, IntegraNet Physician Resources, Inc., ("IntegraNet"), is a Texas Corporation. At all times material hereto, IntegraNet was authorized to do business in the State of Texas and actively engages in business in Texas.

5.       IntegraNet may be served with process and a copy of Plaintiff's Original Complaint through its agent for service of process: Lawrence J. Wedekind., 2900 North Loop West, St. 700, Houston, Texas 77092-9968, or wherever it may be found.

6.       Defendant ADP, Inc., ("ADP"), is a foreign corporation. At all times material hereto, ADP was authorized to do business in the State of Texas and actively engages in business in Texas.

7.       ADP may be served with process and a copy of the Plaintiff's Original Complaint through its agent for service of process: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, or wherever it may be found.

8.       Defendant, ADP Totalsource, Inc., ("ADP Totalsource") is a foreign Corporation. At all times material hereto, ADP Totalsource was authorized to do business in the State of Texas and actively engages in business in Texas.

9.       ADP Totalsource, may be served with process and a copy of the Plaintiff's Original Complaint through its agent for service of process: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, or wherever it may be found.

10.      Plaintiff may refer to all defendants as ("Defendants").

## II.   Jurisdiction & Venue

4.       This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 29 U.S.C. § 1132(f) as this action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Consolidated Omnibus Budget Reconciliation Act

(COBRA), 29 U.S.C. §§ 1161 et seq.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because the breach or a substantial portion of the breach occurred in this district – Galveston County, Texas.

### III. Facts and General Allegations

6. Plaintiff was employed by Matthews Hope as of April 3, 2023. On that date, Plaintiff's employment was terminated, constituting a "Qualifying Event" under COBRA, 29 U.S.C. § 1163.

7. At the time of her termination, Plaintiff was undergoing aggressive cancer treatment.

8. Plaintiff elected to continue her health coverage under COBRA, 29 U.S.C. § 1161(a), effective as of the date of the Qualifying Event.

9. Plaintiff's existing health policy remained in effect for April 2023, with continuation coverage under COBRA beginning on May 1, 2023.

10. Plaintiff dutifully made her COBRA premium payments for the months of May through August 2023.

11. In July 2023, Plaintiff was informed by her healthcare providers that claims submitted to the Covered Policy were being denied.

12. After substantial investigation, Plaintiff discovered in early August 2023 that her health coverage had been terminated as of May 31, 2023, despite her timely payments.

13. The termination of coverage was due to no fault of Plaintiff and resulted in delays and stoppages of her necessary cancer treatments.

14. Matthews Hope and/or its benefits administrator, believed to be either

IntegraNet or ADP, or ADP Totalsource failed to ensure Plaintiff's continued coverage, leading to significant harm and disruption in Plaintiff's medical care.

15. As a result of the coverage termination, Plaintiff was unable to regain coverage under the original policy and had to purchase a new health insurance policy.

16. The new policy did not account for Plaintiff's prior deductible payments and denied claims for necessary care previously authorized under the original Covered Policy.

17. Plaintiff was forced to retain legal counsel to assert her rights under COBRA and ERISA.

18. Plaintiff's replacement insurance policy provided inferior coverage and denied necessary radiation treatments, leading to potential out-of-pocket expenses exceeding $380,000.

19. Plaintiff has suffered severe and substantial harm, including delays in medical treatment, financial strain, and emotional distress.

## IV. Causes of Action

**COUNT I: Violation of COBRA (29 U.S.C. §§ 1161 et seq.)**

20. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21. Under 29 U.S.C. § 1161(a), Defendants, as the employer or plan administrator, had a duty to provide Plaintiff with continued health coverage following the Qualifying Event.

22. Defendants jointly failed to ensure Plaintiff's continued coverage in violation of 29 U.S.C. §§ 1161-1167, resulting in a lapse in coverage and substantial harm to Plaintiff.

23. As a direct and proximate result of Defendant's COBRA violations, Plaintiff has suffered and continues to suffer damages, including but not limited to medical expenses,

financial losses, and emotional distress.

**COUNT 2: Violation of ERISA (29 U.S.C. §§ 1104, 1132(a)(1)(B), and 1132(a)(3))**

24. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

25. Under 29 U.S.C. § 1104(a)(1), Defendants, as a fiduciary of the health plan, owed Plaintiff a duty of loyalty and care.

26. Defendants breached its fiduciary duties by failing to ensure Plaintiff's continued coverage and by improperly terminating her health benefits, in violation of 29 U.S.C. § 1104(a)(1).

27. Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, and to clarify her rights to future benefits under the terms of the plan.

28. Under 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to equitable relief for Defendants' breach of fiduciary duties.

29. As a direct and proximate result of Defendants' breaches of fiduciary duty, Plaintiff has suffered and continues to suffer damages, including but not limited to medical expenses, financial losses, and emotional distress.

## V. Damages

30. Plaintiff incorporates paragraphs 1 – 29.

31. As a direct and proximate result of Defendants' violations of law, Plaintiff suffered and continues to suffer a loss of health insurance, unpaid medical bills, breaks in her cancer treatment, emotional damages, attorneys fees and costs.

32. As a direct and proximate result of Defendants' violations of law, Plaintiff

suffered and continues to suffer emotional/mental anguish.

33. As a further direct and proximate result of Defendants' violations of law, Plaintiff has been compelled to retain the services of counsel in an effort to protect her rights, and has incurred, and will continue to incur, legal fees, and cost, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorney's fees, cost, and expenses (including but not limited to expert witness' fees) be awarded pursuant to all applicable laws.

## VII. Punitive/Exemplary Damages

34. Plaintiff would further show that the acts and/or omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks to recover exemplary damages from Defendants.

## VIII. Jury Demand

35. Plaintiff hereby requests a trial by jury.

## IX. Prayer

36. Wherefore, Plaintiff prays that Defendants be cited to appear and answer and that upon trial of this matter, Plaintiff be awarded the following:

    a. Compensatory damages;
    b. Past and future mental anguish;
    c. Past and future actual damages;
    d. Past and future economic damages;
    e. Exemplary damages;
    f. Declaration that Defendant violated Plaintiff's rights under COBRA and ERISA
    g. Order Defendant to reinstate Plaintiff's health coverage retroactively

to the date of termination;
h. Award Plaintiff compensatory damages, including but not limited to medical expenses, out-of-pocket costs, and attorney's fees, pursuant to 29 U.S.C. § 1132(g)
i. Attorney's fees;
j. Court costs;
k. Pre-judgment interest at the highest rate allowed by law;
l. Post-judgment interest at the highest rate allowed by law; and
m. All other relief to which Plaintiff is entitled

Respectfully submitted,

**Thomson Dunkel Law, PLLC**

By: */s/ Ashley N. Thomson*
    Charles P. Dunkel, Jr.
State Bar No. 24034427
    Ashley N. Thomson
State Bar No. 24097908
2600 South Shore Blvd, STE 300
League City, TX  77573
Telephone: 281.738.3448
Email: *cdunkel@tdunklaw.com*
Email: athomson@tdunklaw.com
**ATTORNEYS FOR PLAINTIFF**